IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GRAYBAR ELECTRIC COMPANY, INC.**                                                                                  **PLAINTIFF**

**v.**                                                              **Civil No. 1:23-cv-269-HSO-BWR**

**O'NEAL CONSTRUCTORS, LLC,
and LIBERTY MUTUAL
INSURANCE COMPANY**                                                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S MOTION [23] TO DISMISS

BEFORE THE COURT is Defendant Liberty Mutual Insurance Company's Motion [23] to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Plaintiff Graybar Electric Company, Inc.'s claims against it. This Motion [23] is fully briefed. Having considered the Motion [23], the record, and relevant legal authority, the Court finds that Defendant Liberty Mutual Insurance Company's Motion [23] should be granted, and that the claims against it should be dismissed with prejudice.

### I. BACKGROUND

A.   Factual background

This dispute arises out of Plaintiff Graybar Electric Company, Inc.'s ("Plaintiff" or "Graybar") claim on a bond issued by Defendant Liberty Mutual Insurance Company ("Liberty Mutual"). Am. Compl. [21] at 5-6. According to the Amended Complaint [21], Calgon Carbon Corporation ("Calgon") entered into a contract with Defendant O'Neal Constructors, LLC ("O'Neal") as the general

contractor for a construction project on Calgon's Hancock County, Mississippi, carbon product plant. *Id.* at 2. O'Neal then entered into a subcontract ("the Subcontract") with Plaintiff to provide materials for the project. *Id.*

Plaintiff claims that it performed under the Subcontract, but that O'Neal has not fully paid for materials provided, with a total principal amount of $578,369.72 remaining owed. *Id.* After O'Neal's alleged breach of the Subcontract, Plaintiff filed a claim of lien on Calgon's property in the principal amount of $578,369.72. *Id.* at 5. O'Neal then filed a "Bond to Discharge and Release the Lien[,]" which "requested and directed the [Hancock County] Chancery Clerk to release the lien, pursuant to Miss. Code Ann. § 85-7-815, and substitute [it] with Liberty Mutual's bond" ("the Bond"). *Id.* Plaintiff subsequently amended its lien, increasing the principal amount to $759,360.37. State Court Record [1-1] at 95-100.

B.  Procedural history

On September 14, 2023, Plaintiff filed suit against Calgon, O'Neal, and Liberty Mutual in the Circuit Court of Hancock County, Mississippi. State Court Record [1-1] at 3. The State Court Complaint included a claim against Calgon for enforcement of Plaintiff's lien. State Court Record [1-1] at 8. No party appears to dispute that Plaintiff did not file a notice of lis pendens at the time it filed suit. *See generally id.* Calgon, with O'Neal and Liberty Mutual's consent, removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Not. [1]. at 2. Plaintiff voluntarily dismissed Calgon on November 22, 2023, Not. [18] at 1, and

filed an Amended Complaint [21] on December 1, 2023, alleging three counts, Am. Compl. [21] at 1, 3-6.

Counts One and Two advance breach of contract, unjust enrichment, and promissory estoppel claims against O'Neal. *Id.* at 3-5. Count Three, titled "Liberty Mutual Bond[,]" asserts that, because of the Bond, "[o]nce a judgment is awarded to Graybar against O'Neal, Graybar will then be entitled to a judgment against Liberty Mutual." *Id.* at 5-6. On December 14, 2023, Liberty Mutual filed the instant Motion [23] to Dismiss, *see* Mot. [23], which is fully briefed, *see* Resp. [31]; Reply [32].

C.  Liberty Mutual's Motion [23] to Dismiss

Liberty Mutual seeks dismissal of Count Three of the Amended Complaint [21] on grounds that Plaintiff's lien on the Bond is invalid because Plaintiff failed to file a notice of lis pendens at the time it filed suit, as required by Mississippi Code § 85-7-405(1)(c)(i). Mem. [25] at 5-7. Liberty Mutual argues that this statutory requirement is mandatory, such that there can be no valid lien on its Bond without Plaintiff's compliance. *Id.* Plaintiff counters that under Mississippi Code § 85-7-415(1), the Bond "discharged and replaced" the lien, such that "it is as if the lien never existed." Resp. [31] at 2. In Plaintiff's view, Count Three is a "bond claim" under § 85-7-415, not a lien enforcement claim under § 85-7-405, rendering the lis pendens requirement immaterial. *Id.* at 5.

In its Reply [32], Liberty Mutual argues that § 85-7-415 does not destroy the lien but transfers it from Calgon's plant to the Bond. Reply [32] at 3. Liberty

3

Mutual posits that § 85-7-415 conditions recovery on the Bond on Plaintiff bringing a valid lien enforcement claim or payment action under § 85-7-405, meaning that Plaintiff had to adhere to the statutory lis pendens requirement in order to pursue a claim on the Bond. *Id.* at 3-6.

## II.  DISCUSSION

A.  Rule 12(b)(6) standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A "plaintiff's factual allegations must support a claim to relief that is plausible on its face and rises above mere speculation." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010). At the motion to dismiss stage, the Court "must limit [its] inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012) (quotation omitted).

B.  Relevant substantive law

Because this is a diversity case, the Court applies Mississippi substantive law. *Compliance Source, Inc. v. GreenPoint Mortg. Funding, Inc.*, 624 F.3d 252, 259

(5th Cir. 2010); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under the *Erie* doctrine, the Court must

> examine Mississippi law to determine whether any final decisions of the Mississippi Supreme Court are dispositive. If there is no apposite decision, this court must forecast how the Mississippi Supreme Court would rule. This prediction may be based on Mississippi case law, dicta, general rules on the issue, decisions of other states, and secondary sources. If there is no evidence to the contrary, this court will presume a Mississippi court would adopt the prevailing rule if the case was before it.

*Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 392 (5th Cir. 2009) (quotations and citations omitted). The "task is to attempt to predict state law, not to create or modify it." *Keen v. Miller Envtl. Group, Inc.*, 702 F.3d 239, 243 (5th Cir. 2012) (quotation omitted).

The dispute here turns on a question of statutory interpretation. The Mississippi Supreme Court has explained that, "[i]f the words of a statute are clear and unambiguous, [it] applies the plain meaning of the statute and refrains from using principles of statutory construction." *Am. Tower Asset Sub, LLC v. Marshall Cnty.*, 324 So. 3d 300, 302 (Miss. 2021) (quotations omitted). "But if the statute is ambiguous or silent on a specific issue, statutory interpretation is appropriate, and the Court must 'ascertain the intent of the legislature from the statute as a whole and from the language used therein.'" *Id.* (quoting *In re Guardianship of Duckett*, 991 So. 2d 1165, 1181-82 (Miss. 2008)). The Court's duty "is to carefully review the statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." *Hall v. State*, 241 So. 3d 629, 631 (Miss. 2018) (quotations omitted). "It is a fundamental canon of statutory construction that the words of a

5

statute must be read in their context and with a view to their place in the overall statutory scheme." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (quotations omitted); *see also Legis. of State v. Shipman*, 170 So. 3d 1211, 1217 (Miss. 2015) ("Traditional statutory construction requires that a statute receive such construction as will, if possible, make all its parts harmonize with each other, and render them consistent with its scope and object." (quotations omitted)).

C.  Analysis

Mississippi Code § 85-7-403(1) provides that "[a]ll contractors, all subcontractors and all materialmen furnishing materials for the improvement of real estate[,]" among others, "shall each have a special lien on the real estate or other property for which they furnish labor, services or materials[.]" Miss. Code Ann. § 85-7-403(1). Mississippi Code § 85-7-405(1) requires that, "[t]o make good a lien created in Section 85-7-403(1), it must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable . . . ." Miss. Code Ann. § 85-7-405(1). Mississippi Code § 85-7-405(1)(c)(i) sets forth the cause of action to enforce a lien as follows:

> (c)(i) **A payment action** for the recovery of the amount of the lien claimant's claim against the party he contracted with shall be commenced in county, circuit or chancery court within one hundred eighty (180) days from the date of filing for record of the lien claimant's claim of lien. A lis pendens notice **shall be** filed with the commencement of the action with a copy to the owner and contractor . . . .

Miss. Code Ann. § 85-7-405(1)(c)(i) (emphasis added). Interpreting this statute, the Mississippi Supreme Court has held that a plaintiff's failure to file a notice of lis pendens with its initial complaint renders a lien invalid and unenforceable. *KD Oak*

*Grove, LLC v. Warren & Warren Asphalt Paving, LLC*, 324 So. 3d 1134, 1136-37 (Miss. 2021).

Mississippi Code § 85-7-415 allows a "contractor . . . employed to improve the property" to discharge the lien on a property "upon the approval of a bond by the clerk of the chancery court." Miss. Code Ann. § 85-7-415(1). Section 85-7-415(1) states, in relevant part, that

> The bond shall be conditioned to pay to the holder of the lien the sum that may be found to be due the holder upon the trial of **any payment action that may be filed by the lienholder** to recover the amount of the claim within one hundred eighty (180) days from the time the claim of lien is filed or as otherwise required by Section 85-7-423. . . .

*Id.* (emphasis added).

Liberty Mutual contends that § 85-7-415 removed the lien from Calgon's property and attached it to the Bond, such that Plaintiff had to comply with § 85-7-405(1)(c)(i)'s lis pendens requirement in order to maintain a "payment action" on the Bond. Reply [32] at 3-6. Plaintiff counters that § 85-7-415(1) operated to dissolve the lien on Calgon's plant when the Bond was issued, such that Count Three is a "bond claim" under § 85-7-415, not a lien enforcement claim or payment action subject to § 85-7-405's requirements. Resp. [31] at 5-6. The Mississippi Supreme Court has not directly addressed § 85-7-415 in this context, so the Court must make an *Erie* guess as to how the Mississippi Supreme Court would rule. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002).

The Court has not located, and Plaintiff has not pointed to, any statutory language that supports its assertion. *See generally* Resp. [31]. An examination of

7

the text of the statute reveals an intent to substitute a bond in place of the property subject to the lien. *See* Miss. Code Ann. § 85-7-415. Section 85-7-415(1) states that "[t]he bond shall be conditioned to pay to the **holder of the lien** . . . upon the trial of **any payment action** that may be filed by the **lienholder** . . . ." Miss. Code Ann. § 85-7-415(1) (emphasis added). Reading § 85-7-405 and § 85-7-415 together, it would seem inconsistent for a statute which refers to the party whom a bond is conditioned to pay as the "lienholder[,]" to extinguish a lien upon the same bond's creation. *See id.* The more reasonable interpretation is that "[t]he intent of the lien discharge bond is to remove the lien from the property and have it attach instead to the bond." 3A Donald E. Campbell et al., *MS Prac. Encyclopedia MS Law* § 19A:51 (3d ed.) (citing Miss. Code Ann. § 85-7-415(1)).

Regarding the procedure for recovering on such a bond, and reading the statutes' provisions together, Mississippi Code § 85-7-415(1)'s use of the phrase "payment action" incorporates the requirements for bringing a "payment action" found in § 85-7-405(1)(c)(i). *See* Miss. Code Ann. §§ 85-7-405(1)(c)(i), 85-7-415(1). A "payment action" on a lien arising under § 85-7-405 is one which a "lien claimant" shall "commence[] in county, circuit or chancery court within one hundred eighty (180) days from the date of filing for record of the lien claimant's claim of lien." Miss. Code Ann. § 85-7-405(1)(c)(i). Section 85-7-415(1) states that, to recover on a bond, a "lienholder" brings "any payment action that may be filed . . . to recover the amount of the claim within one hundred eighty (180) days from the time the claim of lien is filed or as otherwise required by Section 85-7-423." Miss. Code Ann. § 85-

7-415(1). Reading the statutes together, the Court is persuaded that the language in § 85-7-415(1) referring to "any payment action that may be filed . . . within one hundred eighty (180) days" does not create a new, stand-alone "bond claim[,]" but instead contemplates a different enforcement mechanism or remedy for the cause of action created by § 85-7-405.[1] *See id.*; Miss. Code Ann. §85-7-405(1)(c)(i).

In short, § 85-7-415(1) does not destroy the lien, but incorporates § 85-7-405(1)(c)(i) as the enforcement mechanism for a lien on a bond and permits a lienholder to bring the same "payment action" it would have if the lien was still attached to the original property. All of this presupposes the existence of an effective, enforceable lien within the meaning of the statute. For these reasons, the Court finds that a plaintiff must adhere to § 85-7-405(1)'s procedural requirements, such as filing a notice of lis pendens upon commencement of the action, in order to pursue a payment action under § 85-7-415. This Plaintiff did not do, placing it at odds with the Mississippi Supreme Court's holding in *KD Oak Grove, LLC*. *See* 324 So. 3d at 1136-37.

Plaintiff does not contend, and the Amended Complaint [21] does not allege, that it filed a notice of lis pendens when it filed suit. *See generally* Amended Complaint [21]; Resp. [31]. Because Plaintiff failed to comply with § 85-7-405, it cannot maintain a claim under § 85-7-415 for enforcing a lien on the Bond. *See KD*

---

[1] This interpretation is bolstered by § 85-7-415's explicit reference to Mississippi Code § 85-7-423, which is titled "Limitation on commencing lien actions[,]" and allows a project owner or general contractor to shorten the time for a "lien claimant" "to commence a payment action to enforce any claim of lien" by filing a notice of contest of lien. Miss. Code Ann. § 85-7-423(1). Section 85-7-423(3) states that "[t]he lien shall be extinguished by law upon the earlier of ninety (90) days after the filing of the notice of contest of lien, or one hundred eighty (180) days from the date of lien filing if no payment action is filed in that time period." Miss. Code Ann. § 85-7-423(3).

*Oak Grove, LLC*, 324 So. 3d at 1137 ("Having admitted not following the mandatory requirement in Sections 85-7-405(1) and 405(1)(c)(i), it is clear that [the plaintiff] did not make good a lien created in Section 85-7-403(1). . . ." (quotations omitted)). Therefore, Liberty Mutual's Motion [23] to Dismiss should be granted, and Plaintiff's claims against it should be dismissed.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Liberty Mutual Insurance Company's Motion [23] to Dismiss is **GRANTED**, and Plaintiff's claim against it in Count Three of the Amended Complaint [21] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 14th day of August, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE